IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL B. JAMES,              ) | |
| ) | 8:07cv121 |
| Plaintiff,     ) | |
| ) | MEMORANDUM AND ORDER |
| v.                               ) | on Initial Review |
| ) | |
| CITY OF OMAHA,             ) | |
| ) | |
| Defendant.  ) | |

This matter is before the court on filing no. 2, the Motion for Leave to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Michael B. James, and for initial review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) of the IFP statute, which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

This action is related to Case No. 8:06cv513, <u>James v. City of Omaha</u>, in which the City of Omaha removed Case number "Doc. 1063 Page 030" from the District Court of Douglas County, Nebraska to this court. Ultimately, Chief Judge Joseph F. Bataillon determined that Case No. 8:06cv513 involved only a claim arising under the State of Nebraska's replevin statute, and that the plaintiff avowedly sought only damages for the wrongful detention of his property by the City of Omaha and its police officers. The property in question was a handgun seized from the plaintiff's vehicle in the course of an allegedly illegal search, seizure and/or arrest. Because of the references to illegal search and seizure and constitutional rights, the defendants construed the complaint as a claim arising under federal law. However, the plaintiff subsequently disavowed any intent to

assert a claim under the Constitution or laws of the United States. Therefore, Judge Bataillon remanded the case to state court as an action purely under state law.

Now the plaintiff does assert a claim pursuant to 42 U.S.C. § 1983 for the allegedly illegal search and seizure and the detention of his firearm. Whether principles of claim and issue preclusion allow him to do so after his litigation in state court is a matter on which the parties may wish to be heard. In this court, issues of res judicata and collateral estoppel, if appropriately asserted, are best presented in the form of motions for summary judgment with copies of the state-court records filed and served as exhibits in accordance with the federal rules.

Because the plaintiff qualifies financially to proceed IFP and because his Amended Complaint does not, on its face, suffer from the defects set forth in 28 U.S.C. § 1915(e)(2)(B), filing no. 2 will be granted. However, the court does question how many times and in how many ways the law permits the plaintiff to litigate the same search and seizure and detention of his handgun.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is granted;

2. That the Clerk of Court shall send the plaintiff a summons and a form USM-285 together with a copy of this order; the plaintiff shall, as soon as possible, return the completed forms to the Clerk of Court, as in the absence of the completed forms, service of process cannot occur;

3. That upon receipt of the forms, the Clerk shall sign the summons and forward it, together with a copy of the complaint, to the U.S. Marshal for service on the defendant; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail in accordance with Fed. R. Civ. P. 4 and Nebraska law, in the discretion of the Marshal;

4. That failure to obtain service on a defendant within 120 days from the filing of the complaint may result in dismissal of this matter without further notice; see Fed. R. Civ. P. 4(m);

5. That after an appearance has been filed by the defendant, the plaintiff shall serve on the defendant's counsel a copy of every future document submitted to the court

and shall include with each document submitted to the court a Certificate of Service stating the date a true and correct copy of such document was mailed to the defendant's attorney;

      6.     That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint;

      7.     That the plaintiff shall keep the court informed of his current address at all times while the case is pending, as failure to do so may result in dismissal; and

      8.     That the parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court; the federal rules are available at any law library, and the local rules are available from the Clerk of Court at a minimal cost, and also on the court's web site at www.ned.uscourts.gov.

April 18, 2007.                      BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge