IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:07CV121 |
| | ) | |
| v. | ) | |
| | ) | |
| OMAHA, CITY OF, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Plaintiff's Motions to Appoint Counsel (Filing Nos. 7 & 18), the Plaintiff's Motion for Leave to Recuse the Court (Filing No. 11), the Plaintiff's Motion for Leave to Waive CM/ECF and Pacer Fees (Filing No. 12), and the Plaintiff's Motion to File Additional Evidence in Support of Complaint (Filing No. 14).

**Motions for Appointment of Counsel**

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained:

> 'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

(Citations omitted.) The Plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the Plaintiff to pursue those claims. Therefore, the motions for appointed counsel, are denied.

**Motion for Recusal**

In the Plaintiff's Motion for Leave to Recuse the Court, the Plaintiff asks the court to reassign this case to Chief Judge Joseph Bataillon. Because I find there is no basis for recusal, the motion is denied.

**Motion for Waiver of Fees**

The PACER service center has identified when a court may grant a party an exemption from the PACER fees:

> A court may, for good cause, exempt persons or classes of persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information. This language is intended to provide a mechanism by which a court may, upon appropriate demonstration of need, grant an exemption from fees for the use of electronic access to court data.

The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule. Here, the court does not believe the Plaintiff has made the requisite showing of need for exemption from the fees for CM/ECF or PACER. Because the Plaintiff is proceeding IFP he will be provided with a copy of all court filings free of charge. Therefore, the Plaintiff's motion is denied.

**Motion to File Additional Evidence**

Finally, in the Plaintiff's Motion to File Additional Evidence he asks the court to "respectfully analyze the Bill of Exceptions Doc. 163-312 and Doc. 164-619 as additional evidence that I have submitted in support of my complaint." Furthermore, the Plaintiff asks that this court consider the ineffective assistance of his defense counsel in a state court action as evidence supporting his claims. At this stage in the proceedings the court has no reason to review evidence. Therefore, the Plaintiff's motion is denied as premature. The Plaintiff may wish to present relevant evidence in support of a motion for summary judgment, or in response to a motion for summary judgment filed by the Defendant. However, in any such motion or response, the Plaintiff shall file and serve the exhibits in accordance with the federal rules.

IT IS ORDERED:

    1. That the Plaintiff's Motions to Appoint Counsel (Filing No. 7 & 18) are denied;

    2. That the Plaintiff's Motion for Recusal (Filing No. 11) is denied;

    3. That the Plaintiff's Motion for Exemption from Fees (Filing No. 12) is denied;

    4. That the Plaintiff's Motion for Leave to File Additional Evidence (Filing No. 14) is denied as premature; and

    5. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Plaintiff at his last known address.

DATED this 13th day of June, 2007.

BY THE COURT:

*s/ Richard G. Kopf*
United States District Judge