THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | 8:07CV121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, seeking damages for an allegedly illegal search, seizure, arrest, state-court criminal conviction, and detention of his handgun and other property. Construed liberally, Plaintiff's complaint alleges that the City of Omaha has an "unconstitutional policy when it fail[ed] to train its employees." (Filing 4, Amended Complaint at 6.) Pending before the court are numerous motions which shall be addressed by category below.

## **Motion to Recuse**

Plaintiff requests (filing 21) that I recuse myself from this case because the court's Memorandum and Order on Initial Review (filing 5) establishes that I have "already prejudged the case." There being no basis under 28 U.S.C. § 144 or 28 U.S.C. § 455 for me to disqualify myself from this case, Plaintiff's Motion for Leave to Recuse the Court for Showing of Good Cause (filing 21) shall be denied.

## **Motions Regarding Rule 26 Report**

Plaintiff asks (filing 23) for additional time to submit the parties' Fed. R. Civ. P. 26 report, and Defendant has moved (filing 30) to strike a Rule 26 report that was

submitted by Plaintiff alone on June 25, 2007 (filing 28).  Because the parties jointly filed their Rule 26 report (filing 32) shortly after filing these motions, I shall deny Plaintiff's motion as moot.  I shall also grant Defendant's motion and order that the Rule 26 report that was filed unilaterally by Plaintiff (filing 28) be stricken.

## Motions for Copies of Bill of Exceptions

Plaintiff has filed several motions (filings 41, 43, 44, 45, 46) for copies of the "Bill of Exceptions of the County Court."  These motions shall be denied.

The statutory right to proceed *in forma pauperis* does not include the right to receive copies of court orders without payment.  28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).  If Plaintiff requires copies of court documents, he should contact the Clerk of Court to determine the proper method of requesting and paying for copies.  In any event, the defendant appears to have recently filed the requested Bill of Exceptions in its index of evidence (filing 53) in support of its motion (filing 51) for summary judgment.

## Motions to Add Defendant & Claim

Plaintiff seeks leave to amend his complaint by adding a 28 U.S.C. § 2255 ineffective-assistance-of-counsel claim against his criminal defense counsel. (Filings 20, 22, 27, 29, 33, 34.)  Apparently assuming the court would incorporate his purported section 2255 claim into this lawsuit, Plaintiff has also filed a motion for summary judgment on his ineffective-assistance-of-counsel claim.  (Filing 39.)

Section 2255 allows a "prisoner in custody under sentence of a court

2

established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" for the reason that "the sentence was imposed in violation of the Constitution or laws of the United States." Plaintiff is not a prisoner in custody; neither this court nor any federal court imposed the sentence about which Plaintiff complains; and Plaintiff himself alleges that his state criminal conviction has been set aside. (Filing 4, Amended Complaint ¶ 10.) Plaintiff's motions shall be denied.

## **Pending Summary Judgment Motions**

Both parties have recently filed motions for summary judgment on the claims asserted in Plaintiff's amended complaint (filings 47, 51).[1] Plaintiff moves for leave to submit additional evidence in support of his motion for summary judgment. (Filing 49.) I shall grant Plaintiff's motion.[2]

---

[1]The defendant's motion for summary judgment (filing 51) is not yet ripe for disposition.

[2]However, whether such evidence will be deemed admissible in considering the pending motions for summary judgment is a question that will be determined when the parties' cross-motions for summary judgment are reviewed. Plaintiff should note that the Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered."). Although the court must construe a pro se litigant's pleadings liberally, documents which do not comply with the Federal Rules of Civil Procedure and this court's local rules may not be considered.

3

IT IS ORDERED:

1.     The Clerk of Court shall remove Plaintiff's "Objection to the City of Omaha Answer and Demand for Judge Trial" (filing 16) as a pending motion in the court's computerized record-keeping system, as the objection is not a motion;

2.     Plaintiff's Motion for Leave to Recuse the Court for Showing of Good Cause (filing 21) is denied;

3.     Plaintiff's Motion for Leave for Additional Time to [File] Scheduling Packet (filing 23) is denied as moot;

4.     Defendant's Motion to Strike Plaintiff's Rule 26 Report (filing 30) is granted, and the Rule 26 Report filed unilaterally by Plaintiff (filing 28) shall be stricken;

5.     Plaintiff's motions for copies of the Bill of Exceptions of the County Court (filings 41, 43, 44, 45, 46) are denied;

6.     Plaintiff's motions to amend his complaint, to add a party, to vacate pursuant to 28 U.S.C. § 2255, and for summary judgment on his purported § 2255 claim (filings 20, 22, 27, 29, 33, 34, 39) are denied;

7.     Plaintiff's motion to submit additional evidence (filing 49) in support of his motion for summary judgment (filing 47) is granted.

December 7, 2007.                    BY THE COURT:
                                     s/ *Richard G. Kopf*
                                     United States District Judge

4