IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. JAMES, | ) | 8:07CV121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on Plaintiff's Motion for Summary Judgment (filing no. 47), Defendant's Motion for Summary Judgment (filing no. 51), Plaintiff's Motion to Strike Index (filing no. 54), Plaintiff's Motion for Reconsideration (filing no. 57), Plaintiff's Motion in Support of his Motion for Reconsideration (filing no. 59), Plaintiff's Motion for Oral Arguments on Summary Judgment (filing no. 64), and Plaintiff's Motion for Leave to File Corrected Exhibit (filing no. 65).

## MOTIONS FOR SUMMARY JUDGMENT

### I.    Background

    Plaintiff filed his Complaint against the City of Omaha on April 3, 2007. (Filing No. 1.) Plaintiff thereafter filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) on April 16, 2007, which is the operative complaint in this matter. (Filing No. 4.) Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiff claims that the City of Omaha violated the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 7 of the Nebraska Constitution by conducting an illegal search of Plaintiff's vehicle, and using the evidence discovered in the search in proceedings against Plaintiff.

Plaintiff filed his Motion for Summary Judgment on November 21, 2007. (Filing No. 47.) Attached to Plaintiff's motion are 14 exhibits. Defendant filed a Motion for Summary Judgment on December 3, 2007. (Filing No. 51.) Along with its motion, Defendant filed an Index of Evidence and Brief. (Filing Nos. 52 and 53.) Plaintiff filed an additional Index of Exhibits in opposition to Defendant's Motion for Summary Judgment on December 20, 2007. (Filing No. 62.)[1]

A party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

The court has carefully reviewed the documents submitted by both parties. While Defendant submitted a statement of material facts in accordance with the

---

[1]On December 7, 2007, Plaintiff filed a Motion to Strike. (Filing No. 54.) The Motion states in relevant part that Plaintiff "hereby motion the Court for an Order to Strike the Plaintiff contact record, filed by the Defendant in filing # [53] as it has no relevance in a civil suit action." It is not clear to the court what portion of the Index the Plaintiff is requesting to strike. However, in reviewing the Defendant's Index of Exhibits, the court finds that the Index is filed in compliance with the court's local rules and the documents contained therein are relevant to this action. Accordingly, Plaintiff's Motion to Strike (filing no. 54) is denied. On December 28, 2007, Plaintiff filed a Motion for Leave to file Corrected Exhibit. (Filing No. 65.) Attached to the motion is a copy of the corrected exhibit. The Motion is granted and the corrected exhibit is accepted for filing instanter.

court's rules, Plaintiff has not. In light of this, the court adopts the following undisputed material facts, which are largely taken from Defendant's submission.

## II. Relevant Undisputed Facts

1. On June 3, 2004, Ana Alvarado ("Alvarado") was driving near 29th Street and Leavenworth Street in Omaha, Nebraska. While she was stopped at a stop sign, a car driven by Plaintiff Michael B. James pulled up next to her, stopping unusually close to her car. Plaintiff stared at her, then followed her car as she turned the corner. When the two cars stopped soon thereafter, a short conversation occurred between Alvarado and Plaintiff. (Filing No. 53, Attach. 4, at CM/ECF pp. 50-56, 61.)

2. During the conversation Alvarado saw Plaintiff lower his hands down from the steering wheel, she heard a click of what she thought was a gun being activated, and she saw Plaintiff raise a gun up to where she could see it being aimed in her direction. (*Id*. at CM/ECF pp. 55-56.)

3. Alvarado called 911 and reported the incident. She then drove to her cousin's home where she was met by City of Omaha police officers. After meeting with the officers, they agreed to follow Alvarado home. As Alvarado drove toward her home, with police officers following at a distance, she again encountered Plaintiff, who was stopped in a parking lot. Alvarado pointed him out to the trailing police officers. The officers pulled their cruiser in front of Plaintiff's vehicle and stopped him. (*Id*. at CM/ECF pp. 58, 63-67.)

4. After the officers handcuffed Plaintiff and placed him under arrest, he was asked if he had a weapon in his car. After determining through a pat-down that Plaintiff had no weapon on him, Officer Gasko searched Plaintiff's car. A handgun was located in the rear hatch area of Plaintiff's car. The officers

seized the handgun and ammunition, arrested Plaintiff and charged him with criminal charges. (*Id*. at CM/ECF pp. 88-101; Attach. 1.)

5. Trial was held on the criminal charges against Plaintiff. On at least four occasions prior to the trial, counsel for Plaintiff, or Plaintiff himself, moved to suppress the seized handgun and keep it from being received into evidence. The Douglas County, Nebraska County Court overruled those motions. During the criminal trial the handgun was received into evidence over Plaintiff's counsel's repeated objections. (*Id*. at Attach. 2; Attach. 3, at CM/ECF p. 2; Attach. 5, at CM/ECF p. 4.)

6. The Douglas County, Nebraska County Court found Plaintiff guilty of disorderly conduct and not guilty of assault and battery or carrying a concealed weapon. At the end of the trial, the State's motion to destroy the handgun was denied. When Plaintiff subsequently filed a motion to recover the handgun and requested an award of damages for its retention, the Douglas County, Nebraska County Court returned the handgun to Plaintiff but denied the claim for damages. (*Id*. at Attach. 4, at CM/ECF pp. 146-49; Attach. 6, at CM/ECF pp. 4-6.)

7. Plaintiff's conviction was affirmed by the Nebraska Court of Appeals. The Douglas County, Nebraska County Court's denials of the motions to suppress were argued as error, but the Nebraska Court of Appeals declined to decide that issue. (*Id*. at Attach. 5, at CM/ECF pp. 9-11.)

8. Plaintiff filed a civil action in the Douglas County, Nebraska District Court seeking damages due to the improper seizure and retention of his handgun. Plaintiff contended that the handgun was illegally seized in violation of Nebraska state law. Plaintiff's Complaint did not include any express allegations of federal constitutional deprivation, but the City of Omaha

contended the allegations were necessarily implied therein and removed the action to the United States District Court for the District of Nebraska. By order of September 19, 2006, the U.S. District Court remanded the case to the Douglas County, Nebraska District Court noting that Plaintiff asserted that he was not raising any constitutional challenges, but was relying solely on Nebraska replevin law. (*Id.* at Attach. 15, at CM/ECF 4-5.)

9. After remand, the matter was set for hearing on cross motions for summary judgment. On March 29, 2007, the Douglas County, Nebraska District Court entered an order granting the City of Omaha's Motion for Summary Judgment and overruling Plaintiff's Motion for Summary Judgment, dismissing the action. The Douglas County, Nebraska District Court concluded that the only cause of action properly pled was the tort of conversion and stated that:

> In this case, the police followed the appropriate procedures in taking the property in question and holding it until properly requested by Mr. James and ordered by the County Court. Mr. James was convicted of disorderly conduct, which indicates that there was probable cause to arrest Mr. James and to take this property from his possession which was in his motor vehicle.

(*Id*. at Attach. 10, at CM/ECF p. 5.)

### III. Analysis

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see also Egan*

5

*v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with " 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Fourth Amendment Claim

Construed liberally, Plaintiff's Complaint alleges that City of Omaha police officers conducted an illegal search of his vehicle and improperly retained his firearm. In his Motion for Summary Judgment, Plaintiff argues that he is entitled to summary judgment on his claims because during his criminal trial the Douglas County, Nebraska County Court incorrectly denied his motions to suppress. Plaintiff further argues that the use of the firearm to charge him with additional criminal charges violated his rights under the Fourth and Fourteenth Amendments of the Constitution.[2]

---

[2]Plaintiff also argues that he is entitled to summary judgment on his claim of ineffective assistance of counsel, however, the court will not address this issue as the Plaintiff's motions to amend his Complaint to add this claim were denied. (Filing No. 56.)

6

Defendant counters that it should be granted summary judgment because Plaintiff's claims are barred by principles of collateral estoppel and the facts show that the City of Omaha had the right to seize the weapon.

    1.    <u>Collateral Estoppel</u>

In *Allen v. McCurry*, 449 U.S. 90, 101 (1980), the Supreme Court determined that the doctrine of collateral estoppel applies to § 1983 suits against police officers to recover for Fourth Amendment violations. That case, however, "did not consider precisely how the doctrine of collateral estoppel should be applied to a Fourth Amendment question that was litigated and decided during the course of a state criminal trial." *Haring v. Prosise*, 462 U.S. 306, 313 (1983); *see also Sanders v. Frisby*, 736 F2d 1230, 1231 (8th Cir. 1984). In *Prosise,* the Supreme Court addressed what preclusive effect a state-court judgment should have in a subsequent § 1983 claim. *Id*. The Court concluded that the federal full faith and credit statute, 28 U.S.C. § 1738, required federal courts to give the same preclusive effect to state-court judgments as the state from which the judgment emerged. *Id*. "Accordingly, if state rules of collateral estoppel would bar relitigation of fourth amendment claims in a postconviction civil action, the federal court must give the state conviction the same effect." *Sanders*, 736 F.2d at 1231.

Therefore, the court here must determine whether, under the rules of collateral estoppel as applied by Nebraska courts, the judgment of conviction forecloses a postconviction civil action challenging an arrest, search and seizure which had produced inculpatory evidence. The court must consider that the judgment came after the actual litigation of Plaintiff's Fourth Amendment claims, and that Plaintiff brought a subsequent civil action alleging conversion by the City of Omaha. Nebraska law shows that, under the doctrine of collateral estoppel, when an issue of ultimate fact has been determined by a final judgment, that issue cannot again be litigated between the same parties in a future lawsuit. *Eicher v. Mid America Fin.*

*Invest. Corp.*, 702 N.W.2d 792, 809 (Neb. 2005). In deciding whether to apply the doctrine of collateral estoppel, Nebraska courts consider whether the following four conditions exist: (1) the identical issue was decided in a prior action; (2) there was a judgment on the merits which was final; (3) the party against whom the rule is applied was a party or in privity with a party to the prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Id*.

In this matter, Plaintiff had many opportunities to fully litigate the validity of the search and seizure. During Plaintiff's criminal trial, Plaintiff's first trial attorney filed a motion to suppress on June 28, 2004, and Plaintiff filed a pro se motion to suppress on that same date. The motions argued that the gun found in Plaintiff's vehicle should not be entered into evidence because the City of Omaha police officers searched Plaintiff's vehicle in violation of the Fourth Amendment. (Filing No. 53, Attach. 6, at CM/ECF p. 4). Both motions were denied on July 8, 2004. Plaintiff's second trial attorney filed a third motion to suppress on October 1, 2004. The Douglas County, Nebraska County Court dismissed the motion on October 23, 2004. *Id*. Finally, Plaintiff filed a fourth motion, entitled "Renewed Motion to Suppress," on October 28, 2004. This motion was denied on November 5, 2004, prior to the commencement of trial. *Id*. The Douglas County, Nebraska County Court entered a final judgment in Plaintiff's criminal case finding Plaintiff guilty of disorderly conduct. Moreover, in Plaintiff's subsequent civil claim for conversion, the Douglas County, Nebraska District Court again reviewed the actions of the police officers in seizing Plaintiff's firearm.

Based on the foregoing, Plaintiff's Fourth Amendment claim in this § 1983 action is barred by collateral estoppel. Plaintiff had multiple opportunities at his criminal trial, and in his subsequent civil lawsuit, to litigate the validity of the police officers' search of his vehicle and seizure of his firearm. After Plaintiff fully litigated the validity of the search and seizure in the criminal proceedings, the county court entered a final judgment in the matter. Plaintiff appealed the county court's denials

8

of his motions to suppress, and the court's decisions were not overturned by the appellate courts. Therefore, because Plaintiff's Fourth Amendment claims were actually litigated and decided on their merits, this subsequent § 1983 action based on those same claims is barred.

Any remaining claims necessarily depend on a determination that Defendant violated Plaintiff's Fourth Amendment rights. However, because Plaintiff's Fourth Amendment claims have already been resolved against him, the court will not reach Plaintiff's other claims. Therefore, no genuine issues of material fact remain for trial, and Defendant's Motion for Summary Judgment is granted.[3]

## MOTION FOR RECONSIDERATION AND MOTION IN SUPPORT OF MOTION FOR RECONSIDERATION

Plaintiff asks this court to reconsider the denial of his motions to amend his Complaint. (Filing Nos. 20, 22, 27, 29, 33, 34, and 39.) In his motions, Plaintiff sought leave to amend his Complaint to add a 28 U.S.C. § 2255 ineffective-assistance-of-counsel claim against his criminal defense counsel. Plaintiff has not set forth any legal or factual basis that would cause this court to reconsider its order denying Plaintiff's motions to amend. (Filing No. 56.) Therefore, Plaintiff's Motion for Reconsideration (filing no. 57) and Motion in Support of his Motion for Reconsideration (filing no. 59) are denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Summary Judgment (filing no. 47) is denied.

---

[3]Because this Memorandum and Order dismisses all of Plaintiff's claims, Plaintiff's Motion for Oral Arguments on Summary Judgment (filing no. 64) is denied as moot.

9

2. Defendant's Motion for Summary Judgment (filing no. 51) is granted. All of Plaintiff's claims are dismissed with prejudice.

3. Plaintiff's Motion to Strike Index (filing no. 54) is denied.

4. Plaintiff's Motion for Reconsideration and Motion in Support of his Motion for Reconsideration (filing nos. 57 & 59) are denied.

5. Plaintiff's Motion for Oral Arguments on Summary Judgment (filing no. 64) is denied as moot.

6. Plaintiff's Motion for Leave to File Corrected Exhibit No. 5 (filing no. 65) is granted.

7. A separate judgment will be entered in accordance with this Memorandum and Order.

8. The pretrial conference scheduled for February 29, 2008 at 9:00 a.m. is cancelled. The Clerk of court is directed to send a copy of this order to Magistrate Judge Piester.

February 7, 2008.   BY THE COURT:

   *s/Richard G. Kopf*
   United States District Judge